PER CURIAM.
Barry Freeman appeared before the trial court for a nonjury trial pursuant to section 394.918(4), Florida Statutes (2018), to determine whether he should be released from involuntary civil commitment. Under this statute, the State bears the burden at trial of proving by clear and convincing evidence that the committed person's mental condition remains such that it is not safe for him or her to be at large and that, if released, the person is likely to engage in acts of sexual violence.
Following trial, the court rendered the order now on appeal titled "Order Finding No Probable Cause On Annual Review." Freeman timely appeals, arguing that the parties were not before the court for a probable cause hearing and that the trial court failed to address and resolve the sole issue of whether the State met its evidentiary burden of proof under section 394.918(4), precluding his release from involuntary civil commitment. Freeman requests that we reverse the order and remand the case for the trial court to determine this issue. The State has commendably conceded error and has agreed with the suggested remand. We also agree.
Accordingly, we reverse the present order and remand for the trial court to determine whether the State met its burden of proof under section 394.918(4) regarding whether Freeman should be released from involuntary civil commitment and thereafter to enter an appropriate order.
REVERSED and REMANDED for further proceedings consistent with this opinion.
LAMBERT, EDWARDS, and EISNAUGLE, JJ., concur.